UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN ADMIRALTY AND AT LAW

CASE NO.:

ANTHONY MATTA,

    Plaintiff,

vs.

CARNIVAL CORPORATION, a Foreign
Profit Corporation,

    Defendant.

_____ /

## COMPLAINT

**COMES NOW** the Plaintiff, ANTHONY MATTA, by and through his undersigned attorneys, and hereby sues the Defendant, CARNIVAL CORPORATION, a Foreign Profit Corporation, (hereinafter "CARNIVAL") and states at all material times:

### PRELIMINARY ALLEGATIONS

1. The Plaintiff, ANTHONY MATTA, is a citizen and resident of the State of Florida.

2. Defendant, CARNIVAL, is a foreign corporation, having its principal place of business in Miami, Florida.

3. The matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28 U.S.C. § 1332 and the parties are diverse. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. Defendant, CARNIVAL, at all times material hereto, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office of agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes sections 48.081, 48.181 or 48.193;

    e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state; and/or

    f. The cruise line ticket for the Plaintiff requires that suit be vrough in this Court against the Defendant, CARNIVAL.

5. Defendant, CARNIVAL, is subject to the jurisdiction of the Courts of this state.

6. The causes of action asserted in this Complaint arise under the General Martime Laws of the United States and the laws of the state of Florida.

7. Defendant, CARNIVAL, as a common carrier, was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruised aboard the Carnival Horizon ("the ship").

8. At all times material hereto, Defendant, CARNIVAL, owned, operated, managed, maintained, controlled and/or had exclusive custody of the ship.

9. At all times material hereto, Plaintiff, ANTHONY MATTA, was a paying passenger (ticketed invitee) and lawfully aboard the ship.

10. The ship was docked and Plaintiff boarded the ship in Miami, Florida.

11. Plaintiff satisfied all conditions precedent, or they are waived.

12. This Complaint is timely filed.

**FACTS GIVING RISE OF THE CAUSE OF ACTION**

13.     Approximately one (1) year prior to the start of the subject cruise, Plaintiff and his wife began to plan their vacation with Defendant on the ship.

14.     Plaintiff's wife repeatedly communicated with Defendant, CARNIVAL, in advance of the vacation, because Plaintiff required accommodations for his medical conditions.

15.     Plaintiff's wife repeatedly informed Defendant, CARNIVAL, that Plaintiff required supplemental oxygen as prescribed by his medical providers. Defendant required Plaintiff to provide medical documentation including notes from doctors and a complete list of the medical equipment and supplies Plaintiff needed to bring onto the ship. Defendant required that all medical equipment be approved by Defendant's medical staff.

16.     Plaintiff or his wife informed Defendant that Plaintiff required supplemental oxygen including oxygen provided through a concentrator which requires power.

17.     Defendant, CARNIVAL, assured Plaintiff and his wife that the ship and the staff could accommodate Plaintiff's medical needs and equipment.

18.     Defendant also restricted the medical equipment Plaintiff could have in his room. For example, Plaintiff was only permitted 2 small portable oxygen tanks in his room, while the others had to be stored by the Defendant's crew members.

19.     On or about October 14, 2023, Plaintiff, ANTHONY MATTA, along with his wife and other family members, embarked on a cruise vacation with Defendant aboard the ship.

20.     At or near that time, Plaintiff, ANTHONY MATTA, boarded the ship while docked in Miami, Florida.

21.     At or near that time, the Plaintiff, ANTHONY MATTA, went to his cabin to rest after an extremely difficult, time consuming, and exhausting boarding procedure.

22. Plaintiff, ANTHONY MATTA, connected his oxygen concentrator to the cabin's electrical system of power and connected it to his to provide necessary supplemental oxygen while he slept.

23. To allow Plaintiff, ANTHONY MATTA, peace and quit to sleep, Plaintiff's wife, left the room and met up with family members.

24. In order to provide her a means to re-enter the room, Plaintiff's wife removed her key from the slot holder on the wall and took it with her.  Unbeknownst to Plaintiff, the cabin's electrical system was designed by the Defendant to shut off power to all outlets, even those used for medical equipment, when the room key was removed from a slot on the wall.

25. Unknown to Plaintiff and his wife, removal of the key from the slot holder cut power to the electrical outlets that powered Plaintiff's oxygen concentrator.  As a result, the oxygen concentrator did not have the necessary power to provide oxygen to Plaintiff while he slept.

26. As a direct result this cut in power to the electrical outlet, Plaintiff, ANTHONY MATTA, was deprived of necessary oxygen, subsequently lost consciousness, and suffered severe distress and long-term health consequences.  Plaintiff, among other things, was in a coma and unconscious for eight (8) days.

27. Defendant did not provide Plaintiff with any warnings about the electrical system or the loss of power upon removal of the key from the card slot.

28. Plaintiff did not see any warning signs about the electrical system or the loss of power upon removal of the key from the card slot.

29. The wall, where the slot holder was located, failed to provide any warning about the electrical system or the loss of power upon removal of the key from the card slot.  *See picture below*.



## COUNT I – NEGLIGENCE

30. Plaintiff, ANTHONY MATTA, incorporates paragraphs 1-29, as if fully set forth herein.

31. The Defendant, CARNIVAL, had a duty to exercise reasonable care to ensure the safety and well-being of its passengers, including Plaintiff, and including the provision of continuous power to essential medical devices.

32. The Defendant, CARNIVAL, had a duty to exercise reasonable care in the design, maintenance, operation, and control of the ship.

33. The Defendant, CARNIVAL, had a duty to passengers, including Plaintiff, to correct dangerous conditions about which the Defendant either knew or should have known, by the use of reasonable care.

34. The Defendant, CARNIVAL, had a duty to warn passengers, including Plaintiff, of dangers that were known or reasonably should have been known to Defendant.

35. The dangerous character of the ship's electrical system was known or reasonably should have been known to the Defendant.

36. The duty to exercise reasonable care extends to the maritime context. *See Harnesk v. Carnival Cruises Lines, Inc.*, 1991 WL 329584 (S.D. Fla. 1991).

37. As a common carrier, the Defendant, CARNIVAL, had a duty to exercise the highest degree of care for the safety of its passengers, including Plaintiff.

38. Defendant breached this duty by:

   a. Designing or maintaining a system that allowed essential medical devices to lose power when the room key was removed;

   b. Failing to provide alternative means to ensure continuous power for medical devices;

   c. Failing to adequately warn passengers about potential risks associated with the cabin's electrical system;

   d. Failing to ensure the electrical system provided the necessary power to the medical needs of Plaintiff;

   e. Failing to adequately train its staff;

   f. Failing to implement protocols to prevent loss of power to necessary medical equipment;

   g. Failing to ensure compliance with safety codes or other similar laws, regulations, or standard for the protection of passengers;

   h. Failing to use reasonable care to correct dangerous conditions about which the Defendant knew or reasonably should have known

   i. Failing to use reasonable care to warn passengers of dangerous conditions about which the Defendant knew or reasonably should have known;

   j. Failing to use the highest degree of care for the safety of its passengers; and/or

   k. Additional failures as determined through discovery and proven at trial.

39. As a direct and proximate result to Defendant, CARNIVAL'S negligence, Plaintiff ANTHONY MATTA suffered physical and emotional harm, including but not limited to loss of consciousness, distress, and long-term health consequences.

40. Defendant, CARNIVAL's negligence directly and proximately caused Plaintiff, ANTHONY MATTA, permanent bodily injury, pain, suffering, mental anguish, disability, disfigurement, aggravation of a pre-existing condition, loss of capacity for the enjoyment of life, medical expenses, loss of ability to earn money, gratuitous services of others, the loss of the pleasure of the complete cruise, and all other damages as permissible under law. Plaintiff's damages are permanent and continuing in nature and Plaintiff will continue to suffer damages in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment against Defendant, CARNIVAL, for all damages allowed by law, as well as pre- and post-judgment interest to the extent allowed by law, attorneys' fees and costs as may be allowed by law, and demands a trial by jury, as well as any further relief as this Court deems just and appropriate.

Dated: October 4, 2024

> LAW OFFICES OF CRAIG GOLDENFARB, P.A.
> *Attorney for Plaintiff*
> 1641 Worthington Road Suite 300
> West Palm Beach, FL 33409
> (561) 697-4440
>
> By: */s/ Michael Kugler*
> **MICHAEL H. KUGLER, ESQ**
> FL Bar No.: 0029121
> mattaanthony11998451@goldlaw.filevineapp.com
> Attorney's Email: MKugler@goldlaw.com
> Paralegal's Email: pdelacruz@goldlaw.com
> Secretary's Email: bvindel@goldlaw.com