UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ANTHONY MATTA,                                              CASE NO. 1:24-cv-23840-CMA

      Plaintiff,

v.

CARNIVAL CORPORATION, a Foreign
Profit Corporation,

      Defendant.

_____/

### DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE NOT DISCLOSED IN DISCOVERY

Defendant, CARNIVAL CORPORATION ("Carnival"), by and through undersigned counsel, moves *in limine* to preclude admission at trial of evidence not disclosed during discovery, and states as follows:

### BACKGROUND AND BRIEF ARGUMENT

1.     Trial is proceeding in this matter beginning on Monday February 23, 2026.

2.     Pursuant to this Court's Amended Order Re-Setting Trial and Pre-Trial Schedule, all discovery expired on November 3, 2025. [ECF No. 34].

3.     Notwithstanding, on February 12, 2026, over three (3) months after discovery expired, Plaintiff produced records of Katerina Gradeva for the first time.

4.     These records were never produced at any point in discovery, nor are included on Plaintiff's filed Exhibit List filed on December 9, 2025. [ECF No. 53].

5.     Even further, on the evening of February 19, 2026, just two days prior to trial, Plaintiff produced an additional fifty-nine (59) pages of medical records of Katerina Gradeva.

1

These records were similarly never produced in discovery, nor were contained on Plaintiff's Exhibit List. [ECF No. 53].

6.      This Court should preclude all of Plaintiff's medical records disclosed past the November 3, 2026 discovery cutoff. Plaintiff never moved the Court for an enlargement of time to supplement these records, nor ever moved to re-open discovery or modify the scheduling order to disclose these records and medical treatment. Plaintiff has offered no justification.

7.      Defendant is unfairly prejudiced by Plaintiff's post-discovery disclosure of entirely new medical treatment and medical records, by a provider who was never disclosed as a retained or non-retained expert, as Defendant has been wholly precluded from any reasonable opportunity to conduct discovery related to the psychiatric treatment contained in these records.

8.      Plaintiff's consistent failure to abide by the Rules of Civil Procedure and manipulation of the Court's Scheduling Orders by way of so-called "inadvertence" frustrates and obviates the entire purpose of the Federal Rules of Civil Procedure: to allow the parties to properly prepare defenses and prevent undue surprise at trial.

9.      Therefore, Plaintiff should be precluded from introducing the medical records of Katerina Gradeva at trial and further should be precluded from eliciting any testimony regarding these medical records at trial.

### **ARGUMENT**

Federal Rule of Civil Procedure 37(c) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Cuomo v. Phoenix Emergency Med. of Broward, LLC*, No. 17-CV-61754, 2019 WL 13088249, at *1 (S.D. Fla. July 9, 2019). "[T]he sanction of exclusion

**is automatic and mandatory** unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless.'" *Id.* (emphasis added); *citing Dyett v. North Broward Hospital District*, NO. 03–60804–CIV, 2004 WL 5320630 * 2 (S.D. Fla., Jan. 21, 2004) (*quoting Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998)); *Jean-Baptiste v. City of Miami*, No. 1:23-CV-22670-MD, 2025 WL 360817, at *2 (S.D. Fla. Jan. 3, 2025). "Plaintiffs bear the burden to show that the failure to timely disclose both was substantially justified and caused no harm to Defendants." *Cuomo*, 2019 WL 13088249, at *1; *Hako-Med USA, Inc. v. Axiom Worldwide, Inc.*, No. 8:06-CV-1790-T33AEP, 2009 WL 10671312, at *2 (M.D. Fla. Aug. 26, 2009).

To determine whether to exclude evidence pursuant to Rule 37, a court should consider: "(1) the explanation for the failure to disclose, (2) the importance of the evidence, (3) the need for time to prepare to meet the evidence, and (4) the possibility of a continuance." *Id.* (*citing Alimenta, Inc. v. Anheuser-Busch Companies, Inc.*, 803 F.3d 1160, 1162-63 (11th Cir. 1986) (considering "the failure to name the witness, the importance of the testimony of the witness, the need for time to prepare to meet the testimony, and the possibility of a continuance" in determining whether to exclude expert testimony)). In addition, courts may consider "prejudice to the opposing party, bad faith in failing to comply, and the interest in expeditious resolution of litigation." *Cuomo*, 2019 WL 13088249, at *2*; Hako-Med*, 2009 WL 10671312, at *3.

"Prejudice generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question." *Martin-Viana v. Royal Caribbean Cruises Ltd.*, 733 F.Supp.3d 1308, 1326 (S.D. Fla. 2024) (*quoting De Fernandez v. Seaboard Marine, Ltd.*, No. 20-cv-25176, 2022 WL 2869730, at *3 (S.D. Fla. July 21, 2022)).

During discovery in this matter, at no point were any of these medical records produced to Defendant. Nor was Katerina Gradeva, or any psychiatrist, disclosed as an expert (retained or not) by Plaintiff. Only after the parties' Pre-Trial Conference on February 12, 2026 did Plaintiff first produce any records from Katerina Gradeva. This came over two (2) months after the Plaintiff filed its Exhibit List, which did not include these records. By that point, discovery had been closed for over three (3) months. Plaintiff never moved the Court for the opportunity to re-open discovery or disclose experts to support medical causation for this treatment. Now, just two days prior to trial Plaintiff again produces additional medical records for the first time.

Defendant is wholly prejudiced as having been deprived of any meaningful opportunity to perform discovery and depositions related to these documents. *Martin-Viana*, 733 F.Supp. 3d at 1326. The Plaintiff's continued failure to abide by the Federal Rules of Civil Procedure and this Court's Scheduling Orders is unjustified, and mocks the very purpose of the Rules and this Court's Orders. As Plaintiff's failure to abide by Rule 26 is not justified nor harmless, exclusion of this undisclosed evidence is <u>automatic and mandatory</u>. *Cuomo*, 2019 WL 13088249, at *1; *Dyett*, 2004 WL 5320630 * 2; *Salgado*, 150 F.3d at 742; *Jean-Baptiste*, 2025 WL 360817, at *2.

It is undisputed that there were no medical records of Katerina Gradeva produced during discovery, and thus all of these medical records should be excluded at trial. *See generally Perry v. Cummings,* No. 1:22-CV-03860, 2024 WL 3221818, at *1 (N.D. Ga. May 6, 2024); *Debrow v. Carnival Corp.*, No. 23-cv-21097-KMW, at ECF No. 27 (denying Defendant's motion for continuance based on Plaintiff's surgery performed after discovery cutoff, addressing that "[a]t trial, no Party, including Plaintiff, will be permitted to introduce any evidence that was not produced before the close of discovery in this matter."); *see also Terry v. Carnival Corp.*, No. 1:24-

4

CV-22067, ECF No. 111 (S.D. Fla. Feb. 6, 2026)(granting Motion in *Limine* excluding evidence disclosed after discovery cutoff).

WHEREFORE, Defendant, CARNIVAL CORPORATION, respectfully request an Order precluding Plaintiff from introducing evidence that was not disclosed during discovery, including the medical records of Katerina Gradeva, and further preclude Plaintiff from eliciting testimony related to these medical records, and for any further relief this Court deems just and proper.

**<u>CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(A)(3)</u>**

In accordance with Local Rule 7.1(A)(3), undersigned counsel hereby certifies that the undersigned has conferred with Plaintiff's counsel on February 19, 2026, in a good faith effort to resolve the issues raised herein and Plaintiff opposes the relief sought in this Motion.

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Suite 650
West Palm Beach, Florida 33401
Telephone: (561) 268-5727
Facsimile: (561) 268-5745

By: */s/ Ashley Genoese*
Michael J. Drahos
Florida Bar No. 0617059
W. Cooper Jarnagin
Florida Bar No. 117767
Ashley Genoese
Florida Bar No. 1019357
Charles J. Roussin
Florida Bar No. 1010409
*michael.drahos@gray-robinson.com*
*cooper.jarnagin@gray-robinson.com*
*ashley.genoese@gray-robinson.com*
*charles.roussin@gray-robinson.com*

*Attorneys for Defendant*

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 19, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

*/s/ Ashley Genoese*

### SERVICE LIST
### CASE NO. 1:24-cv-23840-CMA

Michael H. Kugler, Esq.
Law Offices of Craig Goldenfarb, P.A.
1641 Worthington Rd., Ste 300
West Palm Beach, FL 33409
(561)697-4440
*Mattaanthony11998451@goldlaw.filevineapp.com*
*mhkugler@goldlaw.com*
*sgoldman@goldlaw.com*
*bvindel@goldlaw.com*
*snewall@goldlaw.com*

*Attorneys for Plaintiff*